# EXHIBIT A

LAW OFFICE OF ERIC J. WARNER, LLC
Eric J. Warner, Esq. – Bar No.: 03651-2006
991 US Highway 22
Suite 200
Bridgewater, NJ 08807
Tel: (201) 403-5937
Fax: (908) 573-3044 (fax)
Email: eric@ejwlawfirm.com

Counsel for Plaintiff,
Precision Apparel Manufacturing LLC

| | |
|---|---|
| PRECISION APPAREL MANUFACTURING LLC, <br><br> Plaintiff, <br><br> vs. <br><br><br><br> THE CHUBB CORPORATON; JOHN DOES (1-5) FICTITIOUS NAMES); ABC COMPANIES (1-5) (FICTITIOUS NAMES), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – CIVIL PART SOMERSET COUNTY <br><br> DOCKET NO.: SOM-L-000351-26 <br><br> Civil Action <br><br> **AMENDED COMPLAINT & JURY DEMAND** |

Plaintiff, Precision Apparel Manufacturing LLC (hereinafter referred to individually as "Precision" or "Plaintiff"), by way of this Complaint against Defendant, The Chubb Corporation (hereinafter referred to as "Chubb" or "Defendant"), says:

**INTRODUCTION**

1.      In August 2022, Defendant issued letters improperly declining insurance coverage to Plaintiff, Precision, for allegations of advertising injuries levied by 2 third parties, Bravado International Group LTD (hereinafter referred to as ("Bravado") and Kids Dangerous LLC (hereinafter referred to as "Kids Dangerous).

2.      Specifically Bravado and Kids Dangerous alleged that Precision had infringed certain

rights given the alleged similarities between apparel sold by Precision and Bravado and Kids Dangerous and Bravado.

3.      Upon receiving these allegations, Precision immediately placed its insurer, Chubb, on notice of a potential claims and litigation and sought insurance coverage, including a defense and indemnification from Chubb against Bravado's and Kids Dangerous' allegations and potential suits.

4.      Precision sought such insurance coverage pursuant to the "advertising injury" endorsements in its Chubb policy.

5.      Unfortunately, for reasons set forth in greater detail below, Chubb improperly and in bad faith declined insurance coverage to Precision, forcing Precision despite the plain wording of Chubb's policies that calls for insurance coverage, including a defense and indemnification, in precisely these circumstances.

## THE PARTIES

6.      Plaintiff, Precision Apparel LLC is a limited liability company operating out of the State 3 Hanover Square Suite 14G New York, NY 10004, and it is in the business of manufacturing and selling apparel.

7.      Upon information and belief, Defendant, The Chubb Corporation is an insurance company with its principal place of business situated at: 15 Mountainview Road, Warren, NJ 07059

## STATEMENT OF FACTS COMMON TO ALL COUNTS

### Bravado International Group LTD.

8.      In Chubb's August 31, 2021 claim denial letter, Chubb applies "INTELLECTUAL PROPERTY LAWS OR RIGHTS EXCLUSION – PERSONAL AND ADVERTISING INJURY, endorsement BOP-47653 (03/16)[,]" providing that Exclusions Paragraph B.1

2

precludes insurance coverage for advertising injury: (12) Arising out of, giving rise to or in any way related to any actual, alleged, or threatened: (a) assertion; or infringement or violation; by any person or organization (including any insured) of any "intellectual property law or right.

9.      By its own terms, the foregoing exclusion abrogates **ALL** coverage for advertising injuries by precluding insurance coverage for violations of intellectual property law, whether actual, alleged or threatened, when intellectual property is at the heart of advertising injuries, particularly as defined in your own policy, and as discussed in greater detail below.

10.     Stated differently, Chubb's above exclusion renders Chubb's own insurance policy **worthless** *in toto* with respect to any claims for advertising injury such as those brought by Precision.  Effectively, Chubb has have sold/placed Precision an utterly worthless insurance policy and has charged Precision valuable for consideration for such a policy.

11.     To reiterate, Chubb sold Precision (taking Precisions money to pay for the policy premiums) an insurance policy that covers nothing with respect to any advertising injury.

12.     Under the terms of Chubb's policy, there can be no coverage for advertising injury where any such injury concerns any claim even tangentially related to the violation of intellectual property law.

13.     That is the entire purpose of the coverage Precision purchased for advertising injury.  Had Precision known that it was purchasing a policy that would not cover it per its own terms because it contains an exclusion that does not partially, but wholly, abrogates the purpose of coverage for an advertising injury, Precision would have looked elsewhere for its insurance needs.

14.     Further, Chubb references Precision's Business Owners Policy, issued by Pacific Employers Insurance Company, specifically reference page 35 of "Coverage Form BP 00 03 07

3

13[,]" which provides insurance coverage for "advertising injury[,]" explaining that the insurance applies to "advertising injury" caused by an offense arising out of [my client's] business."

15.     Clearly, this is an exceptionally broad provision where Precision's business naturally includes the merchandizing of its apparel.

16.     Even if my Precision's products were placed on Instagram by a third party, the posts nonetheless contain Precision's advertising materials and/or products.

17.     Further, even if a third party were only displaying Precision's products on Instagram, such conduct would still constitute advertising since it is axiomatic that the best advertising is word-of-mouth.

18.     Indeed, Chubb's policy even defines "advertisement" as a "a notice that is broadcast or published to the general public or specific market segments about [Precision's] goods, products or services for the purpose of attracting customers or supporters." Again, it is critical to note that this definition of "advertisement" does not address who any Instagram poster must be.

19.     Per the Chubb policy, for "the purposes of this definition," the following apply:

 a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

 b. Regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

20.     That is precisely what happened here. Subsection (a) applies. Precision's merchandise was displayed in Instagram.

21.     Next, Chubb refers to the definition of "advertising injury" as encompassing, *inter*

4

*alia*:

f. The use of another's advertising idea in your "advertisement"; or

g. Infringing upon another's copyright, trade dress or slogan in your "advertisement." [The amendment of the foregoing language to "Infringing upon another's copyright or slogan in Chubb's 'advertisement'" does not change the result for my Precision.]

22.     While the policy's definition of "advertising injury" alludes to "your advertisement," the policy's definition of "advertisement" is, again, "a notice that is broadcast or published to the general public or specific market segments about [my client's] goods, products or services for the purpose of attracting customers or supporters."

23.     To the extent Chubb argues that the possessive pronoun "your" in the definition of "advertising injury" suggests that Precision must own an "advertisement" for an occurrence to fall under the definition of "advertising injury," such a result would be at odds with the very intent and meaning of the definition of "advertisement."

24.     If Chubb argues that the "advertisement" must be disseminated by Precision for an occurrence to constitute an "advertising injury," then "Coverage Form BP 00 03 07 13[,]" which provides insurance coverage for an "advertising injury[,]" explains that the insurance applies to "advertising injury" caused by an offense arising out of [Precision's] business.     "

25.     The phrase "arising out of" is perhaps the most common of insurance policy terms and has routinely been defined by the Courts of the State of New Jersey (and of the States of the United State generally) to present a broad scope off occurrences. Anything remotely or tangentially related to Precisions' business would be said to "arise out of" the business.

5

26.     Even if the possessive pronoun "your" were found by a Court to suggest that Precision must have some sort of possessory interest in an advertisement, where Chubb's policy defines an advertisement as a "notice" that "is broadcast or published to the general public or specific market segments about [Precision's] goods, products or services for the purpose of attracting customers or supporters[,]" then surely the logos and trade dress displayed on the apparel and merchandise itself would fall under the dentition of "advertisement" and thus be "your advertisement" with respect to Precision.

27.     Overall, Chubb sold Precision a worthless policy in bad faith that does not cover what it purports to cover, and Chubb has attempted to bog Precision down with semantics, which, even under the most generous reading of the policy, results in a nonsensical and meaningless word soup.

28.     It. Is well-established that it is that it is the insurer's duty to enforce a clear and unambiguous exclusion, and Chubb has failed to do that here.

### Kid Dangerous LLC, Chubb Claim, KY22K2716835

29.     The same above analysis applies to Chubb's declination of insurance coverage letter in the claim that arose out of Kid Dangerous' allegations.

30.     Chubb again summarily declined insurance coverage citing "Coverage Form BP 00 03 07 13," which explicitly provides that the insurance applies to "advertising injury" caused by an offense arising out of your business. . . ." Nothing could be broader.

31.     Chubb's definitions of "advertisement" and "advertising injury" are the same as above, subjecting them to the same pitfalls set forth in detail above as to the Bravado claims.

32. Applying the "**INTELLECTUAL PROPERTY LAWS OR RIGHTS EXCLUSION –
PERSONAL AND ADVERTISING INJURY**, BOP-47653 (03/16)" endorsement, Chubb
advises that Precision's insurance does not apply to "personal and advertising injury" that is
"(12) Arising out of, giving rise to or in any way related to any actual, alleged or threatened: (a)
Assertion; or (b) Infringement or violation; by any person or organization (including any
insured) of any "intellectual property law or right."

33. Again, if this is exclusion were to apply, Chubb sold Precision worthless insurance.

34. Again, Chubb's insurance against advertising injury "is excluded where there is an
occurrence of "advertising injury.  This simply makes no sense.

35. Additionally, the following claim in Chubb;s denial letter is contrary to law:

> *Even if there was coverage triggered the **Intellectual Property Laws or Rights**
> states that if there are covered and uncovered allegations then there is no
> coverage at all. There are other allegations in the complaint, such as copyright
> infringement, "palming off" of your product for another entity's, false
> designation of origin that are trademark and dress infringement that are
> excluded under the **Intellectual Property Laws or Rights** exclusion that further
> states that if the definition of **personal  and advertising injury** was triggered,
> which it is not, then no coverage would be provided when there are other non-
> covered allegations.*

36. In <u>Millers Capital Ins. Co. v. Gambone Bros. Development Co.</u>, 941 F.2d 622 (3d Cir.
1991), the U.S. Third Circuit Court of Appeals held that an insurer must defend a lawsuit if any
of the claims alleged in the lawsuit are potentially covered under the policy, even if other claims
in the same lawsuit are excluded from coverage. The court explained that an insurer's duty to
defend is broader than its duty to indemnify, and that the insurer's obligation to defend is
triggered if any claim in the lawsuit potentially falls within the policy's coverage.  Therefore, if
a lawsuit contains both covered and excluded claims, the insurer must defend the entire lawsuit

until it is determined which claims, if any, are covered under the policy. If any of the claims are covered, the insurer must provide a defense for the entire lawsuit, including the excluded claims, until the covered claims are resolved.

37. Chubb has entirely defaulted and shown nothing but bad faith.

## COUNT I – BAD FAITH

38. Plaintiff hereby repeats and re-alleges the foregoing Paragraphs as if said foregoing Paragraphs were set forth herein at length.

39. It is well-established that all. Insurers within the State of New Jersey owe a duty of good faith to their insureds.

40. Such a duty includes the requirement to not arbitrarily or without an actual legal basis deny an Insured's valid claim for insurance coverage, including insurance defense and indemnification.

41. At a minimum, insurers are expected to provide an insurance defense subject, if necessary, to a reservations of rights.

42. In this matter, as set forth in detail above Chubb summarily rejected Precision's claim and applied illogical bases for having done so that have no basis in law.

43. Indeed, taking Chubb's word to its logical extent, Chubb sold Precision worthless insurance for advertising injuries, knowing that Precision was at all relevant times an apparel manufacturer and seller, where its exclusions, when read together, as set forth above in detail, provide no advertising injury insurance under these or most circumstances.

44. As such, Chubb has unreasonably withheld the benefits of the policy it sold Precision for good and valuable consideration without any basis. in fact or law.

8

45. In light of the foregoing, at all relevant times, Chubb engaged in bad faith with respect to Precision's claims under Chubb's policy, causing Precision to suffer considerable economic damages.

WHEREFORE, Plaintiff seeks the entry of Judgment against Defendant and in favor of Plaintiff for compensatory damages, general damages and punitive damages, in addition to counsel fees and costs of suit and all other relief that this Court deems reasonable and just.

## COUNT II – BREACH OF CONTRACT

46. Plaintiff hereby repeats and re-alleges the foregoing Paragraphs as if said foregoing Paragraphs were set forth herein at length.

47. An insurance policy is a contract like any other.

48. Under the parties' insurance policy, Chubb was to cover claims alleged by third parties that could subject Precision to liability by providing a defense and indemnification.

49. Despite the legitimacy of Prevision's claims as set forth at length above, Precision refused to uphold its end of the bargain and provide the insurance coverage that Chubb had a duty to provide under its insurance policy, causing Precision considerable economic damages.

WHEREFORE, Plaintiff seeks the entry of Judgment against Defendant and in favor of Plaintiff for compensatory damages and general damages, in addition to counsel fees and costs of suit and all other relief that this Court deems reasonable and just.

## COUNT III – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

50. Plaintiff hereby repeats and re-alleges the foregoing Paragraphs as if said foregoing Paragraphs were set forth herein at length.

51.    Even if this Court or a jury were to decide that Defendant's numerous acts and omissions did not constitute fraud or breach of contract, the considerable damage that Defendant caused Precision nonetheless violated the very spirit of The insurance policy.

52.    As such, at a bare minimum, for the reasons set forth above in stark detail, Defendant breached his implied covenant of good faith and fair dealing with Precision causing Precision considerable damages.

WHEREFORE, Plaintiff seeks the entry of Judgment against Defendant and in favor of Plaintiff for compensatory damages and general damages, in addition to counsel fees and costs of suit and all other relief that this Court deems reasonable and just.

LAW OFFICE OF ERIC J. WARNER, LLC
Attorneys for Plaintiff


By:    /s/Eric J. Warner
       Eric J. Warner

Dated: March 13, 2026

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that, pursuant to R. 4:25-4, Eric J. Warner is hereby designated as trial co-counsel.

LAW OFFICE OF ERIC J. WARNER, LLC
Attorneys for Plaintiff


By:    /s/Eric J. Warner
       Eric J. Warner

Dated: March 13, 2026

## CERTIFICATION PURSUANT TO RULE 4:5-1

To the best of Plaintiff's knowledge, information and belief, the matter in controversy is not the subject of any other action or arbitration, pending or contemplated.  At the present time, we know of no other parties to be joined in the within action and will promptly advise the court should additional information in this regard comes to Plaintiff's attention.

LAW OFFICE OF ERIC J. WARNER, LLC
Attorneys for Plaintiff


By:   /s/Eric J. Warner
        Eric J. Warner

Dated: March 13, 2026

## JURY DEMAND

Plaintiff hereby requests a jury on all triable issues.

LAW OFFICE OF ERIC J. WARNER, LLC
Attorneys for Plaintiff


By:   /s/Eric J. Warner
        Eric J. Warner

Dated: March 13, 2026

11